UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH

TIMOTHY COLE MCNEAL                                                                    PETITIONER

v.                                                              CIVIL ACTION NO. 5:23-CV-P56-JHM

DAVID KNIGHT                                                                           RESPONDENT

### MEMORANDUM OPINION

Petitioner Timothy Cole McNeal, an inmate currently incarcerated in the McCracken County Jail, filed the instant *pro se* action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241 proceeding *in forma pauperis*. The petition (DN 1) is now before the Court for preliminary review to determine whether "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of the Rules Governing § 2254 Cases.[1] For the reasons that follow, the Court will summarily dismiss the instant action.

### I.

In the petition, Petitioner states that he is challenging his state pre-trial detention. Where the form asks the filer to state the court and case number of the decision he is challenging, he identifies McCracken County Circuit Court case number 21-CR-01014. Where the form asks for the decision being challenged, he states "Denial to suppress and dismiss due to violation of constitutional rights." As his first ground for his petition, he states, "The denying of my suppression motion unlawful police conduct & violation of 4th 6th and 14th Amendments and a prolonged stop." As supporting facts, he states, "I never consented to a search look at the evidence obtained and ask yourself would someone consent to a search prolonged stop." Where

---

[1] Pursuant to Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts, the Court may apply the Rules to § 2241 cases.

the form asks if he exhausted all available remedies with respect to this ground for relief, he states, "I think I did and this is my next step Judicial Conduct Committee about unlawful ruleing." As a second ground for relief, Petitioner states, " I told officer he couldn't search and he then ordered me out the car to do so after telling him numerous times no." As supporting facts for the second ground, he states, "He prolonged the stop and violated my constitutional rights on a hunch of my criminal history."

As relief, Petitioner requests, "Vacate or set aside indictment due to violation of my constitutional rights of the United States 4th 6th and 14th Amendments and due to a prolonged stop."

## II.

A petitioner may bring a habeas action in federal court to demand enforcement of the state's affirmative constitutional obligation to bring him promptly to trial but may not generally seek habeas relief to forestall state prosecution altogether. *See Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 489-91 (1973); *Capps v. Sullivan*, 13 F.3d 350, 354 (10th Cir. 1993). Although 28 U.S.C. § 2241 "establishes jurisdiction in the federal courts to consider pretrial habeas corpus petitions, the courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state courts or by other state procedures available to the petitioner." *Atkins v. Michigan*, 644 F.2d 543, 546 (6th Cir. 1981). Principles of comity and federalism require federal courts to abstain from deciding pre-conviction habeas challenges unless the petitioner demonstrates that: (1) he has exhausted available state court remedies, and (2) special circumstances warrant federal intervention. *Martin-Trigona v. Shiff*, 702 F.2d 380, 388 (2nd Cir. 1983) ("[T]he writ of habeas corpus is not a substitute for a regular route of appeal."); *see also Bronston v. Sabbatine*, No. 93-5648, 1993

U.S. App. LEXIS 29970, at *3 (6th Cir. Nov. 16, 1993); *Moore v. Federspiel*, No. 2:09-CV-12673, 2009 U.S. Dist. LEXIS 62306, at *4 (E.D. Mich. July 20, 2009).

Because Petitioner is essentially requesting the Court's review of a decision in his pending state court criminal case, federal habeas relief is unavailable. *See Braden*, 410 U.S. at 493. To the extent that Petitioner may want a speedy trial or other resolution of those charges, he must exhaust his claims in the state court. *Braden*, 410 U.S. at 489-90; *Atkins*, 644 F.2d at 546 ("[T]he doctrine of exhaustion of state remedies has developed to protect the state courts' opportunity to confront initially and resolve constitutional issues arising within their jurisdictions and to limit federal judicial interference in state adjudicatory processes."). Unless unusual or exceptional circumstances make it appropriate to reach the merits of a claim not first exhausted in the state court, the habeas petition should be dismissed. *Granberry v. Greer*, 481 U.S. 129, 134 (1987); *O'Guinn v. Dutton*, 88 F.3d 1409, 1413 (6th Cir. 1996) (en banc).

In the instant case, it is evident that Petitioner did not exhaust his claims in state court. He can still present any constitutional challenges during the course of his criminal trial, on direct appeal, or, if applicable, through a properly filed state collateral attack, such as a petition for writ of mandamus in the appellate court asking that court to compel the trial court to act. Petitioner, therefore, fails to meet his burden of demonstrating exhaustion of available state-court remedies. Moreover, the Court finds no unusual or exceptional circumstances which warrant the Court's involvement in the state court case without Petitioner first exhausting.

For these reasons, the petition will be dismissed.

## CERTIFICATE OF APPEALABILITY

In the event that Petitioner appeals this Court's decision, he is required to obtain a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b). A district court

must issue or deny a certificate of appealability and can do so even though the petitioner has yet to make a request for such a certificate. *Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002). When a district court denies a petition on procedural grounds without addressing the merits of the petition, a certificate of appealability should issue if the petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a plain procedural bar is present and the district court is correct to invoke it to dispose of the matter, a reasonable jurist could not conclude either that the court erred in dismissing the motion or that the petitioner should be allowed to proceed further. *Id.* In such a case, no appeal is warranted. *Id.* This Court is satisfied that no jurists of reason could find its procedural ruling to be debatable. Thus, no certificate of appealability is warranted in this case.

The Court will enter a separate Order consistent with this Memorandum Opinion.

Date:   September 21, 2023

*Joseph H. McKinley Jr., Senior Judge*
United States District Court

cc:   Petitioner, *pro se*
4414.010

4